(No. 3902— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

HARVEY NETHERTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 19, 1946.*

·VERLE W. SAFFORD, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

On August 7, 1944 claimant, Harvey Netherton, an employee of the Department of Public Welfare, while cutting meats at the Peoria State Hospital, cut his left index finger at the knuckle. Infection followed, and claimant alleges that as a result of the injury his left index finger, and his left second finger are stiff, and that he is permanently handicapped in the performance of his duties.

Medical treatment immediately following the injury was given claimant at the Peoria State Hospital. Subsequently, and without authority from the respondent, claimant secured the medical services of Dr. E. E. Nystrom, and was hospitalized at the Methodist Hospital at Peoria. The charges for these services totaled $56.89. No claim is made for temporary total disability.

At the time of the injury, the employer and employee

were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of decendent's employment. At the time of the injury claimant had one child under sixteen years of age.

Dr. Robert M. Sutton, testifying on behalf of claimant, stated that claimant's left index finger was the only finger injured; that there is a marked loss of subcutaneous tissue over three-fourths distance of the finger; that there is a sold bony ankylosis of the proximal phalangeal joint; that there is a loss of motion at the terminal phalangeal joint which is 75 to 80 per cent loss at this joint; that there is a loss of motion in the proximal phalangeal joint of 100 per cent; that there is a loss of motion at the metacarpal phalangeal joint of 50 per cent; that there is a definite circulatory disturbance of the finger evidenced by some redness. Dr. Sutton also stated that the finger shows a 90 per cent permanent disability.

It is clear that claimant has sustained the permanent loss of the use of the index finger of his left hand to the degree suggested by Dr. Sutton. Claimant's annual earnings during the year next preceding the injury were $2,280.00, making an average weekly wage of $43.85. Claimant's compensation rate is, therefore, the maximum of $15.00 per week. The injury having occurred on August 7, 1944, this must be increased 17½%, or a compensation rate of $17.63. For 90 per cent permanent loss of use of his index finger, claimant is entitled to $17.63 for thirty-six weeks, or the total sum of $634.68, all of which has accrued. Claimant, however, having elected to secure his own medical and hospital services, no further award can be made.

Award is therefore entered in the favor of the claimant in the total sum of $634.68, payable to him forthwith.

This award is subject to the approval of the Governor as provided in. Section 3 of ''An Act concerning the payment of compensation awards to State employees.''